Good morning, Your Honor. Michael Quarles on behalf of Appellant, and I know the courts always review the briefs in detail before argument. What I'd like to emphasize this morning is going to be the point that the complete lack of an exception to the bar against offsets in Section 362 Isn't the exception, if you want to call it that, equitable recoupment? That is exactly the issue at hand, Your Honor, and it gets down to the fact that Congress did not provide for an exception to set off So you think equitable recoupment just doesn't apply at all? I mean, could never apply because Congress hasn't provided for it? That is correct. Okay, so what do you do with our prior case law that makes clear, and in fact, the Supreme Court's case law that makes clear that equitable recoupment is available? It is our position, Your Honor, that in all of those cases there was a separate statute that somehow applied it. And as I said in my brief, the cases from the Tenth Circuit are what establish the, what I'm going to say, the beginning of the concept of recoupment. And we believe it's an error because from a policy standpoint, I'm kind of jumping ahead now that the court has brought that to my attention. The whole purpose of the Bankruptcy Code and the Section 362 and the automatic stay is just that, to have bright line rules. Sir, I'm a little confused. I thought that in ERE TLC hospitals and other cases we have applied equitable recoupment in bankruptcy cases. Is that not true? It is true, Your Honor. So why are we arguing about this? I'm arguing that it's bad law as I set forth in my brief. I don't know, but we can't do anything about that. We're a three-judge panel. So I suggest you move on. Thank you, Your Honor. And then I would also say that the policy of the rule in 362 is to have a bright line so that creditors don't violate the statute. And to have case law created exceptions that on a case-by-case basis might be applied or not applied is not good. So now you're still arguing it. Is that what you're doing? I'm arguing the policy. Are you going to go on to the question of how it applies? Correct, Your Honor. Well, maybe phrase it this way. Let's assume equitable recoupment is an available remedy here. Why, in your opinion, would it not apply in this case? It seems like it was appropriately applied. That, based upon the underlying rulings, I will not contest. Then you understand we are a three-judge panel and we are bound by prior authority so that the prior authority remains valid until a non-bank court overrules it. With that, Your Honor, I will have a seat. Thank you. Your Honors, Matthew Walker of Pillsbury. I think you just got a pretty good concession. I don't think there's much for me to say. I would agree with the Court. The hardest thing for an appellate advocate to learn is when to sit down. You won. I'm only making my appearance, Your Honors, and then I will sit down. Matthew Walker of Pillsbury-Winthrop, Shot Pittman, appearing for par silent and in light of the arguments of Shot Pittman. Thank you. Thanks for preparing for the case. The case just presented is submitted.
judges: Schroeder, Berzon, Nelson